**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION** FILED 26 OCT '26 11:12 USDC-ORP

MATTHEW JAMAL CASH,
Plaintiff,

v.

MULTNOMAH COUNTY, OREGON;
OFFICER BRANDON W. SMITH (Badge #63595);
DEPUTY SUBOH (Badge #60125);
OFFICER GRANT THOMMEN (Badge #59637); and
DEPUTY ROACH,
Defendants.

**Case No.:** 3:26-cv-2327-SI

**AMENDED COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND STATE TORT LAW**

1. Deprivation of 4th Amendment Rights
2. False Arrest & False Imprisonment
3. Negligent Infliction of Emotional Distress (NIED)

**DEMAND FOR JURY TRIAL**
**AMOUNT IN CONTROVERSY EXCEEDS $1,000,000.00**

Plaintiff MATTHEW JAMAL CASH, representing himself pro se, hereby brings this Amended Civil Rights Complaint for damages against Defendants Multnomah County, Officer Brandon W. Smith, Deputy Suboh, Officer Grant Thommen, and Deputy Roach, alleging as follows:

## INTRODUCTION

1. This is an action for compensatory and punitive damages brought pursuant to 42 U.S.C. § 1983 and Oregon common law, arising from a severe, repeating pattern of targeted law enforcement overreach, unlawful profiling, bad-faith fabrication of traffic pretexts, systemic failures of due diligence, and repeated invalid arrests perpetrated against Plaintiff.

2. Strikingly, Defendant Multnomah County's own internal documentation officially recorded and labeled the climax of these constitutional offenses as an "INVALID WARRANT SRVC/ARREST" (Case No. GO 40 2026-18933). This lawsuit seeks to vindicate fundamental

constitutional rights under the Fourth and Fourteenth Amendments and redress profound emotional and psychological trauma intentionally and repeatedly inflicted upon Plaintiff and his minor children.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights actions). This Court possesses supplemental jurisdiction over Plaintiff's state common law claims under 28 U.S.C. § 1367.

4. Venue is proper in the U.S. District Court for the District of Oregon under 28 U.S.C. § 1391(b) because all events, omissions, actions, and unlawful arrests giving rise to these claims occurred entirely within Multnomah County, State of Oregon.

5. Plaintiff has complied with all statutory administrative preconditions required under the Oregon Tort Claims Act (OTCA) (ORS 30.275) by timely preparing, executing, and delivering formal written Tort Claim Notices to Defendant Multnomah County for all operational incidents.

## PARTIES

6. Plaintiff MATTHEW JAMAL CASH is an adult resident of the City of Portland, Multnomah County, Oregon, and a Black or African American citizen of the United States entitled to the full protections of the United States Constitution.

7. Defendant MULTNOMAH COUNTY is a political subdivision of the State of Oregon, operating and maintaining the Multnomah County Sheriff's Office ("MCSO") as its law enforcement wing. The County is responsible for the training, supervision, discipline, policies, and systemic data management systems of all MCSO deputies and internal jail booking staff.

8. Defendants OFFICER BRANDON W. SMITH (Badge #63595) and DEPUTY SUBOH (Badge #60125) were at all material times sworn law enforcement deputies employed by the Multnomah County Sheriff's Office, acting under color of state law within the course and scope of their employment.

9. Defendants OFFICER GRANT THOMMEN (Badge #59637) and DEPUTY ROACH were at all material times sworn law enforcement officers assigned to the Transit Police / MCSO Transit Division, acting under color of state law within the course and scope of their employment.

## FACTUAL ALLEGATIONS

**Incident I: The February 7, 2025 Retaliatory and Unlawful Pretext Arrest**

10. On February 7, 2025, at approximately 11:10 AM, Plaintiff was riding as a passenger in a gold Nissan Altima driven by his partner, Alexis Grainger, traveling westbound on NE Halsey Street near NE 227th in Fairview, Oregon.

11. Defendant Officer Brandon W. Smith (Badge #63595) initiated a highly coordinated pretextual traffic stop immediately after the vehicle exited an apartment parking lot, falsely alleging that the vehicle "failed to display license plates."

12. Upon making contact, Officer Smith ran Plaintiff's identity and located a historical domestic offense file (Case No. 24-49975) from December 13, 2024. Officer Smith asserted an active "probable cause flyer" or outstanding "no-contact restraining order" barred Plaintiff from being near Ms. Grainger.

13. In truth, the underlying restraining order was legally modified or dismissed. Plaintiff and his family vehemently disputed the restriction at the scene and explicitly presented a physical, signed legal document from an Oregon State judge confirming that no active restraining or no-contact order existed.

14. Officer Smith and Deputy Suboh explicitly refused to review Plaintiff's physical judicial documentation, refused to execute basic due diligence via dispatch to verify the updated status, and placed Plaintiff under arrest.

15. This bad-faith arrest was executed directly in front of Plaintiff's minor children, including a newborn baby who had been discharged from the hospital a mere six days prior. This encounter was the newborn's very first trip away from the hospital, resulting in extreme, immediate psychological trauma to the family unit.

16. To hide their gross failure of due diligence, the deputies fabricated a narrative, claiming in written logs that Ms. Grainger stated she "lied about the whole thing." Plaintiff was unlawfully detained in an intermediate holding cell and spent two days locked in downtown jail without seeing a magistrate or receiving a hearing before being abruptly released on Sunday when prosecutors realized no active restriction existed.

**Incident II: The December 21, 2025 Late-Night Targeted Unrecorded Interception**

17. On December 21, 2025, at approximately 2:00 AM, Defendant Officer Smith targeted, stalked, and intercepted Plaintiff's vehicle immediately upon exiting the Fairview Oaks apartment complex.

18. Officer Smith deliberately tracked and followed Plaintiff's vehicle for an extended distance despite Plaintiff's absolute compliance with all traffic laws, ultimately initiating a late-night traffic stop entirely absent any legitimate moving or equipment violations.

19. Officer Smith asserted that an active out-of-state warrant existed. Crucially, Officer Smith was operating alone and deliberately chose not to equip or activate any Body-Worn Camera (BWC) recording device during the isolating, late-night stop, creating an intimidating and unsafe environment designed to harass and terrorize Plaintiff based on their prior administrative disputes.

**Incident III: The May 2, 2026 Core Invalid Arrest Over a Discharged Warrant and Legitimate $130,000.00 Bail Bond**

20. On May 2, 2026, at approximately 6:55 PM, Plaintiff was driving his black 2013 BMW 328 sedan westbound on Interstate 84 near NE 33rd Avenue, accompanied by his family and minor children.

21. Defendants Officer Grant Thommen (Badge #59637) and Deputy Roach initiated a false, bad-faith pretextual traffic stop on NE Multnomah Street and NE 13th Avenue, claiming Plaintiff's vehicle windows violated lawful tint transparency thresholds.

22. In truth, Plaintiff possessed an official commercial retail receipt demonstrating the absolute legality of the vehicle's windows, including 0% window tint on the front windshield, proving the officers fabricated the infraction to initiate a targeted seizure.

23. The officers ran Plaintiff's license plate and declared that an active "Assault" arrest warrant was active out of Clark County, Washington (Warrant No. 2510298506).

24. Plaintiff immediately informed the officers that the warrant was dead, as he had already lawfully posted an enormous $130,000.00 cash/collateral bail bond in Multnomah County and had attended his mandatory court hearing just four days prior.

25. Plaintiff actively displayed his court-ordered, fully operational electronic ankle tracking monitor attached to his leg and attempted to present physical court compliance and bail documents proving his legal status. Plaintiff pleaded with Officer Thommen and Deputy Roach to contact his assigned case manager or query Multnomah County dispatch to verify the bond execution.

26. In flagrant violation of basic due diligence, the officers flatly refused to look at the court paperwork, ignored the active electronic ankle monitor, and violently arrested Plaintiff in handcuffs in front of his minor children.

27. Plaintiff was hauled to the Multnomah County Detention Center and booked. Upon entry, experienced jail booking staff immediately recognized Plaintiff, explicitly stating out loud that this systemic error had happened to him previously, and openly questioned why field officers had brought him in again.

28. At approximately 7:43 PM, after booking was processed, a jail supervisor confirmed that the warrant was completely invalid and ordered Plaintiff's immediate release. To mask the

severity of the mistake, an officer was ordered to drive Plaintiff back to his residence at 1221 SW 11th Avenue. The official public release document recorded the offense status in bold terms: "INVALID WARRANT SRVC/ARREST."

**The Administrative Suppression of Body-Worn Camera (BWC) Footage**

29. Following these egregious encounters, Plaintiff filed an official internal affairs complaint and submitted formal, legal public records requests for all dashboard and body-worn camera recordings capturing the encounters, particularly the May 2, 2026 stop.

30. Defendants explicitly denied Plaintiff's requests via email, withholding the objective video evidence from public scrutiny. Plaintiff alleges that Defendants are actively suppressing this footage to insulate individual deputies from liability, making a federal judicial subpoena and an immediate Evidence Preservation Demand absolute legal necessities to prevent the destruction of vital evidence.

## CLAIMS FOR RELIEF

**COUNT I**
**Deprivation of Fourth Amendment Rights Under 42 U.S.C. § 1983**
*(Unreasonable Seizure and False Arrest without Probable Cause)*
**(Against All Individual Officer Defendants)**

31. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

32. The Fourth Amendment guarantees citizens the right to be secure in their persons against unreasonable searches and seizures, requiring law enforcement to possess valid probable cause or a lawful, active warrant prior to stripping an individual of their physical liberty.

33. Defendants Smith, Suboh, Thommen, and Roach intentionally, recklessly, and in bad faith seized, handcuffed, and jailed Plaintiff on multiple occasions based on non-existent restraining orders and a dead, recalled warrant for which a $130,000.00 bail had already been lawfully secured.

34. The individual officers failed to perform a minimal, basic duty of care or due diligence by actively refusing to check Plaintiff's electronic ankle monitor, rejecting physical court documentation, and ignoring clear exculpatory evidence easily verifiable via a standard radio dispatch query.

35. As a direct and proximate result of the individual officers' actions, Plaintiff was stripped of his liberty, suffered severe public humiliation, and sustained lasting constitutional injuries.

**COUNT II**
**Common Law False Arrest and False Imprisonment**
**(Against All Defendants)**

36. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

37. Defendants unlawfully, intentionally, and without legal authority or valid justification arrested, confined, and locked Plaintiff within a government detention facility against his absolute consent.

38. The individual officers lacked any lawful authority because the underlying pretexts were fabricated and the administrative tracking records explicitly confirm the arrest status was entirely invalid. Defendant Multnomah County is vicariously liable for the tortious actions of its deputies under the doctrine of respondeat superior.

**COUNT III**
**Negligent Infliction of Emotional Distress (NIED)**
**(Against All Defendants)**

39. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

40. Defendants owed a special, mandatory duty of care to Plaintiff and the public to execute warrant data and carry out high-stakes physical arrests with basic precision, accuracy, and competence.

41. Defendants breached this duty by repeatedly executing high-risk, armed arrests based on erroneous, non-existent, or dead records, and doing so aggressively inside the immediate sight and presence of Plaintiff's minor children.

42. As a direct and proximate result of watching armed deputies place their father in chains during routine family travel, Plaintiff's minor children have suffered severe, documented, and profound psychological trauma, developing acute anxiety, night terrors, and behavioral distress requiring ongoing professional child psychological therapy.

**COUNT IV**
**Municipal Liability Under Monell v. Dept. of Soc. Servs.**
*(Systemic Failure to Train, Supervise, and Correct Warrant Systems)*
**(Against Defendant Multnomah County)**

43. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

44. Defendant Multnomah County maintained an unconstitutional custom, pattern, policy, or practice of failing to adequately train, supervise, and discipline its field deputies regarding the verification of warrant data and the proper execution of due diligence when presented with explicit exculpatory evidence (such as physical court records and electronic tracking devices).

45. Defendant deliberately ignored a dangerous, repeating breakdown in its internal warrant integration systems, creating a predictable environment where citizens out on legitimate, massive bail bonds are repeatedly swept up and falsely imprisoned due to administrative data lag, directly causing the structural violations inflicted upon Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, granting the following relief:

A. An order declaring that the actions of Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution;

B. Compensatory damages awarded against all Defendants, jointly and severally, for loss of liberty, emotional trauma, and the extreme distress inflicted upon Plaintiff and his minor children, in an amount to be determined at trial, exceeding $1,000,000.00;

C. Punitive damages under 42 U.S.C. § 1983 awarded individually against Defendants Officer Brandon W. Smith and Officer Grant Thommen for their reckless, malicious, and bad-faith fabrication of traffic pretexts and deliberate indifference to clear exculpatory evidence, in an amount to be determined at trial;

D. An award of all reasonable court costs and statutory filing fees incurred herein; and

E. Such other and further relief as this Court deems just, equitable, and proper.

Dated this 26th day of October, 2026.

Matthew Cash

MATTHEW JAMAL CASH, Plaintiff Pro Se
Portland, Oregon
Matthewcashbussiness@gmail.com
~~503-462-9130~~
9712839064